

WR-82,731-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/2/2015 4:41:18 PM
Accepted 7/6/2015 8:17:39 AM
ABEL ACOSTA
CLERK

**CASEY BLAIR**
DISTRICT JUDGE
KAUFMAN COUNTY COURTHOUSE
100 W. MULBERRY
KAUFMAN, TEXAS 75142
(972) 932-0251

RECEIVED
COURT OF CRIMINAL APPEALS
7/6/2015
ABEL ACOSTA, CLERK

86TH JUDICIAL DISTRICT OF TEXAS
KAUFMAN COUNTY



July 2, 2015

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

Re:   Jordan, Michael Anthony-Barry
      CCA No. WR-82,731-01
      Trial Court Case No. 32285A-86

Dear Mr. Acosta:

This Court requests an extension of time of 60 days to complete the Court's findings of fact and conclusions of law in this habeas proceeding, for good cause. The Court has requested an affidavit from trial counsel in this matter but has since learned that no complete record of the trial court proceedings in cause number 32285-86 has been prepared. Because applicant's conviction was based upon two hearings before two different judges, and because the undersigned did not participate in those proceedings, this Court believes that both hearings must be transcribed before this Court can enter proper findings in this matter.

The prosecution upon which this application for writ of habeas corpus was filed was concluded in accord with a plea agreement. Subsequent to this Court's first guilty-plea hearing and sentencing in this case, the defendant moved for a new trial, complaining that his plea to the agreed sentence was involuntary. This Court granted applicant a new trial on punishment only, and he then appeared before the judge of the 422nd District Court for a new punishment hearing. Applicant filed a notice of appeal, and the record of the case was filed prior to the appeal being dismissed. When applicant's trial counsel began preparing his affidavit in this writ proceeding, it was discovered that only the record of the initial plea and sentencing had been transcribed, but the record of the second punishment hearing is of importance in resolving the issues asserted by applicant in the present writ application.

The court reporter for the 422nd District Court reported the second punishment hearing and sentencing. That reporter, Donna Gehl, advised the court last week that she did report the hearing, but that when she attempted to access her notes of that hearing, she discovered that her reporting software had malfunctioned and that she could not transcribe the hearing. Ms. Gehl informed this Court that she would request help from a software technician to transcribe the notes and that she anticipates that the record of the second hearing will be available. Ms. Gehl is currently completing the record of the death penalty trial in cause number AP-77,053, Eric Lyle

Williams v State, which is due to be filed in the Court of Criminal Appeals on July 15, 2015. This Court anticipates that the record of the second punishment hearing will be completed in the next 30 days and that defense counsel will then be able to complete his affidavit, after which this Court can enter appropriate findings.

Respectfully submitted,

Casey Blair, Judge Presiding
86th Judicial District Court
Kaufman County, Texas